IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 22 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00667-BNB

SIRRLOVE WILLIAMS,

   Plaintiff,

v.

DENVER COUNTY JAIL,
MAJOR DIGGINS,
MAJOR CONNORS, and
SGT. DAUGHTRIE,

   Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Sirrlove Williams, was incarcerated at the Denver County Jail when he initiated the instant action by filing *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). On May 12, 2008, he informed the Court that he currently is confined at the Colorado Mental Health Institute in Pueblo, Colorado. Mr. Williams has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Williams is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Williams will be ordered to file an amended complaint.

The Court has reviewed Mr. Williams' complaint and finds that the complaint is deficient because Mr. Williams is suing an improper party. Defendant Denver County Jail is not a separate entity from Denver County and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against Defendant County Jail must be considered as asserted against Denver County.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Williams cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

The Court also finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767

F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Williams' complaint is confusing, vague, and verbose. The complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Mr. Williams ostensibly asserts four claims against the Denver County Jail and three of its correctional officers. He generally alleges a four-year pattern of harassment and discrimination. However, he fails to specify how each act of which he complains contributes to the pattern. He also asserts subclaims within each of the four asserted claims, but fails to allege facts in support of each claim and subclaim, or to specify what, if any, constitutional rights are being violated. In addition, the complaint violates D.C.COLO.LCivR 10.1C. because Mr. Williams fails to leave margins that are one and a half inches at the top and one inch at the left, right, and bottom. By opting instead to write to the edges of the paper on the form provided, Mr. Williams increases the likelihood that words will be truncated, as they were on certain pages of his complaint, when the documents he files are scanned and docketed

through the Court's electronic case filing system and, ultimately, that his claims will not be understood. The clerk of the Court will be directed to mail to Mr. Williams, together with a copy of this order, a copy of D.C.COLO.LCivR 10.1.

Rather than summarizing each claim succinctly, Mr. Williams apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Williams' responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Mr. Williams must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Mr. Williams also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Williams must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1C. and that Mr. Williams should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Williams is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Williams should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that the clerk of the Court will be directed to mail to Mr. Williams, together with a copy of this order, a copy of D.C.COLO.LCivR 10.1C. It is

FURTHER ORDERED that Mr. Williams file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 and with D.C.COLO.LCivR 10.1C. as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Williams, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Williams submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Williams fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 22, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00667-BNB

Sirrlove Williams
Colorado Mental Health Institute at Pueblo
1600 West 24th Street
Pueblo, CO 81003

I hereby certify that I have mailed a copy of the **ORDER, two copies of the Prisoner Complaint, and a copy of the D.C.COLO.LCivR 10.1C.** to the above-named individuals on 5/22/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk