IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00667-MSK-KLM

SIRRLOVE WILLIAMS,

    Plaintiff,

v.

MAJOR DIGGINS,
MAJOR CONNORS,
SGT. DAUGHTRIE.

    Defendants.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER VACATING DEFENDANTS' ANSWER DEADLINE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court pursuant to the **Order to Show Cause** issued on October 28, 2008 [Docket No. 32] and the **Order to Show Cause** issued on September 26, 2008 [Docket No. 17]. Plaintiff failed to comply with either Order and show cause why his case should not be dismissed. Because Plaintiff is proceeding *pro se*, the Court has given Plaintiff multiple opportunities to prosecute this litigation. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.

For the reasons provided below, I recommend that the Orders to Show Cause be made **ABSOLUTE** and that the Court dismiss Plaintiff's case as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Background

By way of giving context to the Court's Recommendation, the Court provides the following background. On September 26, 2008, the Court issued its first Order to Show Cause [Docket No. 17] regarding Plaintiff's failure to comply with the Order granting him leave to proceed *in forma pauperis* and pay his filing fee in monthly installments [Docket No. 6]. The Court noted that since the Order to pay fees was issued in May 2008, Plaintiff failed to provide any monthly statement or payment toward his filing fee. *Order to Show Cause* [#17] at 2. The Court required Plaintiff to remedy his noncompliance by October 15, 2008. *Id.* The first Order to Show Cause was returned as undeliverable to Plaintiff [Docket No. 24] and, consequently, he failed to comply. The Court notes that as of the date of this Recommendation, Plaintiff has never satisfied his monthly obligation to submit an income statement or make a partial payment toward his filing fee, despite the imposition of that requirement for more than six months.

Plaintiff also failed to attend either Scheduling Conference set by this Court. The Court initially set a Scheduling Conference for October 15, 2008 [Docket No. 15]. This Order did not come back as undeliverable to Plaintiff and was apparently received by him. By motion of Defendants, the Court vacated and reset the Scheduling Conference to October 28, 2008 [Docket No. 22], however, this Order was returned as undeliverable to Plaintiff [Docket No. 30]. Despite that Plaintiff received notice of a Scheduling Conference set for October 15, 2008, he did not contact the Court on that date to participate or to be informed that the conference had been reset. On the date of the reset Scheduling Conference, Plaintiff likewise failed to appear. His nonappearance prompted the Court to issue a warning in the courtroom minutes [Docket No. 31] as well as a second Order to

2

Show Cause [Docket No. 32] regarding Plaintiff's failure to prosecute his case, attend the Scheduling Conference, comply with Court Orders, make payment toward his filing fee, or provide the Court with an updated address where he could be reached. Plaintiff's deadline to respond to the second Order to Show Cause was November 11, 2008. However, as has been consistent with all pleadings docketed in this case since September 2008, the Court's Orders were returned as undeliverable [Docket Nos. 35 & 36].

At the time of the filing of Plaintiff's complaint, he was an inmate in the Denver County Jail [Docket No. 4]. Thereafter, on May 12, 2008, Plaintiff informed the Court that he had been transferred to a mental health institute in Pueblo, Colorado [Docket No. 7]. The last pleading received from Plaintiff was docketed on July 2, 2008 [Docket No. 16] when he attempted to consent to the jurisdiction of a Magistrate Judge. Although Defendants have informed the Court that they believe Plaintiff is incarcerated in the Colorado Department of Corrections ("CDOC") [Docket No. 27], the Court has been unable to locate a prisoner by that name in the CDOC's prisoner database. Further, the Court contacted the Denver County Jail, and was informed that no inmate by that name was incarcerated there.

## II. Findings

To date, the Court finds that Plaintiff has failed to meaningfully participate in his case. Specifically, Plaintiff has failed to comply with at least two Court Orders that he did receive: (1) he failed to make monthly payments toward his filing fee [Docket No. 6]; and (2) he failed to attend the October 15, 2008 Scheduling Conference [Docket No. 15].[1] He

---

[1] While the Court vacated this Order and reset the Scheduling Conference, Plaintiff did not receive notice of such by his own omission. If he had wished to diligently pursue his case,

3

has also failed to comply with four additional Court Orders that he did not receive by virtue of his failure to provide the Court with a current address: (3) the first Order to Show Cause [Docket No. 17]; (4) the Order resetting the Scheduling Conference [Docket No. 22]; (5) the Order regarding his nonattendance at the Scheduling Conference [Docket No. 31]; and (6) the second Order to Show Cause [Docket No. 32].

The Court finds that Plaintiff has failed to prosecute his case given his (1) failure to comply with six Court Orders, including his failure to make monthly payments toward his filing fee, to attend his Scheduling Conference, and to show cause why his case should not be dismissed; and (2) his failure to comply with D.C. Colo. L. Civ. R. 10.1(M).

### III. Analysis

Given Plaintiff's failure to prosecute his case, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the

---

Plaintiff should have contacted the Court on October 15, 2008.

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A. Prejudice to Defendant

From a review of the case file, I find that Plaintiff's neglect of his case has prejudiced Defendants' ability to defend against the allegations made by Plaintiff in his complaint. In addition, Plaintiff's abuses have caused Defendant to expend unnecessary resources and time to attend a meaningless Scheduling Conference. While the prejudice to Defendants to this point has been minimal, were this case to proceed, Defendants would be required to answer or respond to Plaintiff's complaint and incur more expense to defend against a case it appears that Plaintiff is no longer interested in prosecuting.

### B. Interference with the Judicial Process

I conclude that Plaintiff's failure to prosecute his case, and specifically his failure to and comply with Court Orders and the Local Rules, necessarily interferes with the effective

5

administration of justice.  The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  Plaintiff's failure to follow Court Orders evidences a complete lack of respect for the Court and the judicial process. In addition, Plaintiff's failure to provide a current address has negatively impacted the Clerk's Office and caused that staff to expend unnecessary time an effort.  Finally, the Court's frequent review of the case file and issuance of this Recommendation, which were necessitated by Plaintiff's neglect, increases the workload of the Court takes its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues.   "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document."  *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision).

### C. Culpability of Plaintiff

Plaintiff has, without any reasonable excuse, ignored Court Orders and failed to move his case forward.  He has also failed to show cause why his case should not be dismissed or to provide any justification for his failure to prosecute his case.  The Court provided Plaintiff with ample opportunity to litigate his case, but since the filing of his final pleading in July 2008, he has chosen not to participate. While an examination of the record reveals that many of my Orders have been returned for insufficient address, it is solely the responsibility of Plaintiff to ensure that the Court knows of his whereabouts.  In addition, Plaintiff failed to comply with two Orders of the Court that he did receive.  From this, I must conclude that Plaintiff's failure to respond was willful, and that he is therefore responsible for his own noncompliance.

### D. Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court on three occasions that he risked dismissal of his case if he failed to move his case forward or comply with Court Orders [Docket Nos. 17, 31 & 32]. While Plaintiff apparently did not receive these warnings, the Court has no other way to ensure that Plaintiff receives notice without Plaintiff's participation. Further, *pro se* litigants are required to read and follow the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Accordingly, it should be no surprise to Plaintiff that his failure to prosecute his case could result in the sanction of dismissal.

### E. Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective. Although Plaintiff is proceeding *pro se*, that does not excuse his neglect here. *See id.* In addition, given that Plaintiff has failed to make any payment toward his filing fee, the Court doubts that a monetary sanction would be practical or effective. Further, given that the Court has no way to locate Plaintiff, nor is it the Court's responsibility to attempt to do so, a lesser sanction, e.g., limiting the evidence that Plaintiff may admit at trial, would bear no substantial relation to Plaintiff's misconduct and the neglect of this case for more than four months. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result. However, while I could recommend dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b), given the circumstances at issue here, including Plaintiff's *pro se* status and the potential likelihood that Plaintiff may have responded to Court Orders if he had received them, I recommend dismissal without prejudice.

## IV. Conclusion

I respectfully RECOMMEND that the Orders to Show Cause [#17 & 32] be made

**ABSOLUTE**, and that Plaintiff's case against Defendants be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that Defendants' deadline to answer or otherwise respond to Plaintiff's complaint is **vacated** and will be reset upon resolution of this Recommendation, if appropriate.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  November 13, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L.