IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00667-MSK-KLM

SIRRLOVE WILLIAMS,

       Plaintiff,

v.

MAJOR DIGGINS,
MAJOR CONNORS,
SGT. DAUGHTRIE,

       Defendants.
_____

**ORDER AND OPINION REJECTING RECOMMENDATION**
_____

**THIS MATTER** comes before the Court on the Plaintiff Sirrlove Williams' Objection **(#41)** to the Magistrate Judge's Recommendation that two Orders to Show Cause **(#17, #32)** be made absolute and that Plaintiff's lawsuit be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) **(#37)**.

**I. Background**

On June 9, 2008, Mr. Williams, a prisoner, filed *pro se* a Complaint alleging various violations of his constitutional rights pursuant to 42 U.S.C. § 1983 **(#9)**. On September 26, 2008, the court issued an Order to Show Cause putting Mr. Williams on notice that this action would be dismissed if he did not begin making monthly payments towards his filing fee as directed in the court's order granting him leave to proceed *in forma pauperis* **(#17)**. This first Order to Show Cause was returned as undeliverable to Mr. Williams **(#24)**. Mr. Williams failed

to appear for two scheduling conferences set for October 15, 2008 and October 28, 2008.[1] On October 28, 2008, the court issued a second Order to Show Cause warning that this lawsuit may be dismissed pursuant to Fed. R. Civ. P. 41(b) due to Mr. Williams' failure to prosecute his case, failure to comply with court orders and failure to provide an updated address **(#32)**. This second Order to Show Cause was returned as undeliverable to Mr. Williams **(#36)**.

On November 13, 2008, the Magistrate Judge recommended that the two Orders to Show Cause be made absolute and that Mr. Williams' lawsuit be dismissed without prejudice **(#37)**. The Magistrate Judge recommends dismissal under Fed. R. Civ. P. 41(b) because Mr. Williams' has not complied with multiple court orders, has not appeared for court proceedings, has not kept the court updated with his current address, and generally has failed to prosecute his action. The Magistrate Judge's recommendation was returned as undeliverable **(#38)**.

On December 2, 2008, Mr. Williams filed a Notice of Change of Address **(#39)**, in which he claimed that "I was recently shuffle [sic] around and lossed [sic] all my paper work, the following address is my new address. I also would like a chance to respond to any recent motion." On December 3, 2008, the Clerk mailed to Mr. Williams' new address the first Order to Show Cause **(#17)**[2], the order vacating and resetting the scheduling conference for October 28, 2008 **(#22)**, the second Order to Show Cause **(#32)**, and the Magistrate Judge's recommendation of November 13, 2008 **(#37)**.

---

[1] The October 15, 2008 scheduling conference was vacated and reset to October 28, 2008, pursuant to motion by Defendants. However, Mr. Williams did not receive the order vacating and resetting the conference because it was returned as undeliverable, and, consequently, he is held responsible for missing both scheduling conferences.

[2] The Clerk's Certificate of Service **(#40)**, refers to a September 17, 2008 order, which the Court presumes refers to Docket #17, which was entered on September 26, 2008, but is the only court order entered in the month of September 2008.

On December 22, 2008, Mr. Williams filed a "Motion Showing Cause Why Case Should Not be Dismissed" **(#41)**. In this filing, Mr. Williams claims that he was prematurely released from the mental health institute for which he provided a mailing address to the court on May 12, 2008 **(#7)**. He states that this premature release left him homeless for three or more months without a mailing address or a way to communicate with the court. Mr. Williams also appears to state that the claims underlying his lawsuit involve harassment resulting in his mail being delayed. This filing included a motion to proceed *in forma pauperis*, an affidavit of indigency, and a Denver County Jail Resident Account Summary indicating that Mr. Williams has no money in trust account.

## II. Standard of Review

Within ten days after being served with a copy, any party may serve and file specific written objections to a magistrate judge's recommendations. The district court shall make a *de novo* determination of those portions of the recommendations to which a proper objection is made. The district court may then accept, reject, or modify the recommendations. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72(b). To preserve an issue for *de novo* review by the district court, a party's objections to the magistrate judge's report and recommendation must be both timely and specific. *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Where no party files proper objections to a recommendation, the court may review the recommendation for clear error. *See* Fed. R. Civ. P. 72, Advisory Committee Notes (1983 Addition) (citation omitted); *See also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)(when there are no objections to a magistrate's recommendation, the court applies whatever standard of review that it deems appropriate).

In considering the Magistrate Judge's recommendation, the Court is mindful of Mr. Williams' *pro se* status, and accordingly, reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Williams' use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Williams of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Williams according to the same standard as counsel licensed to practice law before the bar of this court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III. Recommendation for Dismissal Without Prejudice

Due to Mr. Williams' *pro se* status, the Court liberally construes his December 22, 2008 "Motion Showing Cause Why Case Should Not be Dismissed" **(#41)** as an objection to the Magistrate Judge's recommendation of November 13, 2008 **(#37)**. While Mr. Williams' objection specifically objects to the basis for the Magistrate Judge's recommendation, the objection is untimely. Under these circumstances, the Court has the option of reviewing the Magistrate Judge's recommendation for clear error only. However, the substance of Mr. Williams' objection pertains to his inability to timely object to the recommendation, and it appears that Mr. Williams filed the objection roughly within ten days of receiving the recommendation after the Clerk mailed it to his new address on December 3, 2008.[3] For these reasons, the Court will review the Magistrate Judge's recommendation *de novo*.

---

[3] Although the objection was filed by the Clerk on December 22, 2008, the document itself indicates that Mr. Williams mailed it on December 16, 2008.

If a plaintiff fails to prosecute his action or fails to comply with the Federal Rules of Civil Procedure or a court order, the court may dismiss the action *sua sponte*. Fed R. Civ. P. 41(b); *Rogers v. Andrus Trans. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007)(citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). Factors to be considered in a court's decision to dismiss an action under Rule 41(b) include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Rogers*, 502 F.3d at 1151-52 (citation omitted). Dismissal under Rule 41(b) is appropriate when the aggravating factors outweigh the court's preference to resolve cases on their merits. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007)(citation omitted).

The Magistrate Judge's analysis under this standard is correct, and there is no error in her recommendation based upon the information available at the time the recommendation was made. However, new information has come to light since the Magistrate Judge submitted her recommendation. Mr. Williams has provided the Court with a new address and has indicated that he is now prepared to prosecute his action. Furthermore, Mr. Williams has submitted a renewed Motion for Leave to Proceed *In Forma Pauperis*. Under these circumstances, dismissal is no longer appropriate.

### IV. Conclusion

The Court **REJECTS** the Recommendation **(#37)** in light of new information submitted by Mr. Williams. Mr. Williams is hereby put on notice that further failure on his part to

diligently prosecute his action or abide by court orders will lead to dismissal of his action pursuant to Fed. R. Civ. P. 41(b).

Dated this 20th day of February, 2009

BY THE COURT:

Marcia S. Krieger
United States District Judge