IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00667-MSK-KLM

SIRRLOVE WILLIAMS,

    Plaintiff,

v.

MAJOR DIGGINS,
MAJOR CONNORS,
SGT. DAUGHTRIE.

    Defendants.
_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This is the third Order to Show Cause issued in this case, and the second that specifically pertains to the issue of plaintiff's responsibility to make partial payment toward his filing fees or show cause why he cannot each month. On May 7, 2008, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Docket No. 6]. Section 1915(b)(2) of 28 U.S.C. requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. *Harris v. Colo. Dep't of Corr.*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. Dec. 19, 2000).

    In the Order granting plaintiff leave to proceed *in forma pauperis*, plaintiff was instructed to either make the required monthly payments or to show cause **each month**

why he has no assets and no means by which to make the monthly payment. In order to show cause, plaintiff was also directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action. In my first Order to Show Cause issued on September 26, 2008, I again warned plaintiff of his obligation to make a partial payment toward his filing fees or show cause why he cannot for each month. *Order to Show Cause* [#17] at 3.

Despite the clear language of the September 26, 2008 Order, plaintiff did not immediately respond. It was not until the Court issued a Recommendation [#37] to dismiss plaintiff's case as a sanction that plaintiff addressed the issue of his filing fee payments and submitted a income trust fund account statement through the month of November 2008 indicating that the had no assets to make a partial payment toward his filing fees [Docket No. 41]. Since plaintiff filed this income trust fund account statement, however, he has failed to address his ability to make a partial payment toward his filing fees for the months of December and January. The deadlines for making this showing for both months have now passed. The Court notes that plaintiff's deadline for the month of February is March 15, 2009. Therefore, on or before **March 15, 2009**, plaintiff must either make the required monthly payments for **December**, **January**, and **February** or show cause why he cannot.

28 U.S.C. § 1915(b)(2) requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided that the prisoner's account exceeds $10.00. **This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in**

**other, discretionary spending.** *Harris*, 2000 WL 33193816, at *1. While there is a $10.00 threshold built into the statute – i.e., when the account balance exceeds $10.00, or when the monthly deposits exceed $10.00, the prisoner is **required** to make a payment toward his filing fee – this does not mean that plaintiff is free to spend deposited funds as soon as they are deposited in order to reduce his account to a level below the $10.00 minimum. *See Losee v. Maschner*, 113 F. Supp. 2d 1343, 1352 (S.D. Iowa 1998). Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").

**It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause**. Such a procedure unreasonably burdens the Court. Plaintiff is again reminded of his obligation by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order to Show Cause and with the Order allowing plaintiff to proceed *in forma pauperis*.

IT IS HEREBY **ORDERED** that on or before **March 15, 2009**, plaintiff shall make the

3

required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of **December**, **January**, and **February**.

IT IS FURTHER **ORDERED** that by the **15th day** of **each** month thereafter, e.g. on April 15, 2009 for the month of March, plaintiff shall either make the required monthly payment for the previous month or file a certified copy of his inmate trust fund account statement for that month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER **ORDERED** that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

DATED: March 2, 2009.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge