IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00667-MSK-KLM

SIRRLOVE WILLIAMS,

     Plaintiff,

v.

MAJOR DIGGINS,
MAJOR CONNORS,
SGT. DAUGHTRIE.

     Defendants.

_____

## ORDER

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

     This matter is before the Court on Plaintiff's **Motion for an Order Compelling Discovery** [Docket No. 96; Filed August 5, 2009] (the "Motion").  Defendants filed a Response in opposition to the Motion on August 14, 2009 [Docket No. 98].  Because a reply would not materially assist the Court in ruling on the Motion, I consider the matter to be fully briefed and ripe for resolution.  *See* D.C. Colo. L. Civ. R. 7.1(C).

     Pursuant to the Motion, Plaintiff seeks an order compelling Defendants to respond to outstanding interrogatories propounded by him which are attached to the Motion.  *Motion* [#96] at 1, 8-11, 20-24, 33-37.  Plaintiff also seeks an order compelling Defendants to respond to outstanding document requests, which are either attached to the Motion or reproduced in the text.  *Id.*  In relation to the interrogatories, Plaintiff contends that Defendants have "not yet answered" his requests or have not provided complete answers. *Id.* at 1.  However, Plaintiff fails to identify which interrogatories are at issue or how certain

responses were incomplete.  In relation to the document requests, Plaintiff contends that Defendants have failed to produce any documents.  *Id.*

In response, Defendants' counter that the Motion fails to set forth any foundation for Plaintiff's objection to the interrogatory responses "and Defendants are left to guess what he wants."  *Response* [#98] at 1-2.  Defendants also note that until Plaintiff pays the applicable copying costs associated with the document production, "Defendants should not be required to provide the documents" or "be responsible for payment of [Plaintiff's] own discovery expenses."  *Id.* at 3.  Defendants' primary objection to producing the responsive documents appears to be the cost of production, which has been calculated to be $35.00. *Id.*  Coincidentally, Plaintiff seeks the same amount from Defendants as a discovery sanction.  *See Motion* [#96] at 1.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part**.  To the extent that the Motion pertains to Defendant's responses to Plaintiff's interrogatories, the Motion is **denied**.  Plaintiff has failed to provide the Court with sufficient information as to the dispute regarding Defendant's responses.  The Court is not required to sift through the record to isolate any deficiencies, and it is incumbent upon Plaintiff to provide this information and argument to Defendants and the Court.  *See generally Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) ("[S]ufficient evidence . . . must be identified by reference to a [pleading].  Without a specific reference, 'we will not search the record in an effort to determine whether there exists dormant evidence . . . .'" (citation omitted)); *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (noting that Court is not obligated to sift through record to find support for a party's position).

To the extent that the Motion pertains to Defendants' responses to Plaintiff's document requests, the Motion is **granted**.  While Plaintiff's status as an *in forma pauperis* plaintiff does not entitle him to cost-free discovery, see *Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997), given the amount of expense involved and the huge disparity in the parties' financial positions, I exercise my discretion to require Defendants to produce copies of any relevant, nonprivileged documents in their possession called for by Plaintiff's document requests without payment of costs by Plaintiff.  *See Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (recognizing that "as part of the inherent equitable powers of the district court in supervising discovery, a district court may . . . exercise its discretion to order an opposing party to pay for or to provide [discovery]"); *Navarro de Cosme v. Hospital Pavia*, 922 F.2d 926, 930 (1st Cir. 1991) (noting that requiring a party to pay his adversary's discovery expenses was within court's discretion to manage discovery).  To be clear, this Order is limited to the present document requests and does not address whether, should Plaintiff propound future requests, Defendants would be required to pay for the cost of production associated with those requests.

IT IS FURTHER **ORDERED** that Defendants shall produce to Plaintiff all relevant, nonprivileged documents in their possession responsive to Plaintiff's document requests on or before **September 11, 2009**.  Plaintiff's request for entry of a sanction against Defendants is denied.

Dated:  August 31, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix