IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00667-MSK-KLM

SIRRLOVE WILLIAMS,

     Plaintiff,

v.

MAJOR DIGGINS,
MAJOR CONNORS,
SGT. DAUGHTRIE.

     Defendants.

---

## MINUTE ORDER

---

### ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX

This matter is before the Court on Plaintiff's filing entitled **Attorney Misconduct**, which the Court has construed as a Motion for Discovery Sanctions [Docket No. 122; Filed February 12, 2010] (the "Motion").  Defendants have responded [Docket No. 130; Filed March 1, 2010], and the Court now takes up the Motion.

As a preliminary matter, Plaintiff is reminded of his duty to confer with Defendants' counsel prior to filing an opposed discovery motion.  *See* D.C. LCivR 7.1A.  Although Plaintiff is proceeding *pro se*, he remains obligated to follow all court rules.

Plaintiff requests discovery sanctions because he believes that he recently received discovery in response to the Court's Order [Docket No. 131] ordering production of certain documents in response to his Motion to Compel [Docket No. 96].  The Court Ordered production of the documents on or before September 11, 2009.  Plaintiff contends that Defendants failed to produce the requested documents until February 5, 2010.

In their Response, Defendants represent that the documents produced on February 5, 2010, were in response to clarifications of the original requests made by Plaintiff during a telephone call with counsel on January 22, 2010. Defendants further represent that to the extent Plaintiff made a new request for discovery during that telephone call, responses to that new request were also provided, as a courtesy to Plaintiff. Defendants contend that additional information was produced to Plaintiff in conformance with their duty to supplement discovery responses pursuant to Fed. R. Civ. P. 26(e).

Plaintiff contends he has been prejudiced by the newly acquired evidence because it affects the proposed Final Pretrial Order and "everything [he has] file[] was base[d] on the thinking that [he] had complete discovery." *Motion* [#122] at 2.

Pursuant to Rule 37, sanctions may be imposed in appropriate circumstances. *See* Fed. R. Civ. P. 37. The Court may prevent the use of information wrongfully withheld and also may order payment of "the reasonable expenses, including attorney's fees, caused by the failure" and "may impose other appropriate sanctions," including but not limited to striking pleadings, prohibiting the disobedient party from opposing designated claims, and entering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(I)-(viii) & (c)(1)(A), (C). Rule 37 sanctions are imposed not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction should be that [penalty] reasonably necessary to deter the wrongdoer." *White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990).

The Court concludes that sanctions are not appropriate here. According to Defendants' counsel, additional information was provided to Plaintiff in a good faith effort

to provide complete discovery when Plaintiff clarified his discovery requests and in supplementation of earlier discovery responses.  If Plaintiff wishes to amend the proposed Final Pretrial Order, he may file a motion requesting permission to do so.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.


Dated:  March 12, 2010